# Court of Appeals
# of the State of Georgia

ATLANTA, August 14, 2026

*The Court of Appeals hereby passes the following order:*

## A27A0113. KATRINA SARAH ADDY v. MERCY FLOMO.

The trial court entered an order, which, in part, granted Mercy Flomo a default judgment against counterclaim-defendant Katrina Sarah Addy, denied Addy's motion to open default, and indicated it would set a damages hearing. Addy then filed this direct appeal. We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies only from a final judgment — that is, where the case is no longer pending below. OCGA § 5-6-34(a)(1); *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) (explaining that "an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (quotation marks omitted). Here, the issue of damages has yet to be determined. Thus, no final judgment has been entered, and the case remains pending below. See *Sotter v. Stephens*, 291 Ga. 79, 83 (727 SE2d 484) (2012) ("A judgment that reserves the calculation of the amount of damages is considered interlocutory in nature and does not become final until the amount is determined.").

To obtain immediate review of the trial court's order, therefore, Addy was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34(b), which include obtaining a certificate of immediate review from the trial court. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016). Addy's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal. See *In re Bruni*, 369 Ga. App. 488, 493(8) (893 SE2d 862) (2023) ("The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken

in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.") (quotation marks omitted).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 08/14/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*